IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSIAH COMPTON, Inmate #SD 28503, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-571-WDS |
| ) | |
| THOMAS E. HILDERBRAND, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Plaintiff, a prisoner proceeding *pro se*, has filed a civil action pursuant to 28 U.S.C. § 1331. When he filed this action on August 9, 2005, he paid $150 towards the filing fee; the Clerk then advised him, in writing, that the filing fee for a civil action is $250, not $150. Despite that correspondence from the Clerk, Plaintiff has not yet paid the $100 balance due on the filing fee for this action, nor has he filed a properly supported motion for leave to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1914, 1915.

**IT IS HEREBY ORDERED** that, within **THIRTY (30) DAYS** of the date of the entry of this order, Plaintiff shall pay the $100 balance of the filing fee due in this action. In the alternative, Plaintiff may file a motion to proceed *in forma pauperis*, supported by a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint and an affidavit that includes a statement of his assets. Plaintiff is **ADVISED** that in the event he has been transferred among institutions during this six-month period, it is Plaintiff's responsibility to obtain a copy of his prison trust account statement from each such facility and to

forward it to the Court. Plaintiff is **FURTHER ADVISED** that his obligation to pay the full filing fee for this action was incurred at the time the action was filed; such an obligation will exist whether or not Plaintiff is granted leave to proceed *in forma pauperis.* 28 U.S.C. § 1915(b)(1); *see also Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS FURTHER ORDERED** that upon conclusion of this thirty-day period, should Plaintiff fail to comply with this order, this case will be closed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: October 11, 2005**

                                                  **s/ WILLIAM D. STIEHL**
                                                     **DISTRICT JUDGE**