IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSIAH COMPTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-571-WDS |
| ) | |
| THOMAS E. HILDERBRAND, MIKE ) | |
| REEH and TOM WOODS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Plaintiff, currently in custody in the St. Clair County Jail, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).[1]

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). An action or claim is frivolous if "it lacks an arguable basis either in law

---

[1] Plaintiff has paid the full $250 filing fee for this action.

or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915(e)(2); this action is frivolous and thus subject to summary dismissal.

In this action, Plaintiff states that his attorney, Defendant Hilderbrand, allowed him to speak with federal agents, Defendants Rehg[2] and Woods, in April 2004. Those discussions apparently led to a federal indictment against Plaintiff, charges that are currently pending in this District. *See United States v. Farmer, et al.*, Case No. 04-cr-30139 (S.D. Ill., filed Nov. 30, 2004). Plaintiff now claims that he was interrogated against his will, in violation of his Miranda rights, and he now seeks compensatory and punitive damages against all Defendants for their alleged conspiracy against him to incriminate himself.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "We do not engraft an exhaustion requirement

---

[2]Misidentified in the pleadings as "Reeh."

upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 488. Furthermore, if Plaintiff seeks to contest the voluntariness of his statements, that argument should be raised in the criminal case as a challenge to the admissibility of those statements.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** without prejudice to Plaintiff challenging the admissibility of his statements in the criminal case currently pending in this Court. All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED: March 23, 2006.**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**